UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PETER EWING,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF VASSALBORO et al,<br><br>Defendants. | ) | 1:26-cv-00433-SDN |

**ORDER**

On September 9, 2026, Plaintiff Peter Ewing filed a complaint alleging several violations of federal and state law against the Town of Vassalboro, the Vassalboro Sanitary District, and five agents of the Town in their official and individual capacities. ECF No. 1. That same day, Mr. Ewing filed an ex parte motion for a temporary restraining order ("TRO") and a motion for preliminary injunction. ECF No. 3. After reviewing the Plaintiff's request, the Court **DENIES** the ex parte motion for a temporary restraining order without prejudice.

**ANALYSIS**

Plaintiff here asks the Court to enjoin Defendants, "their agents, contracted surveyors, and municipal crews from executing tax foreclosures, initiating evictions, subdividing, paving, logging, tree removal, or transferring the titles of any real property explicitly identified . . . ." ECF No. 3 at 2. He names as identified properties five parcels for which he claims assigneeship and one property called "The Spaulding Estate." *Id* at 6. Plaintiff alleges "Defendants currently hold the title to [the Spaulding Estate] following an illicit tax foreclosure and have explicitly documented their intent to retain 4.7 acres of

the seized property to expand the municipal transfer station without paying Just Compensation." *Id.* at 3.

In his ex parte motion for "emergency injunctive relief," *id.* at 2, Plaintiff contends, absent a TRO, "Defendants will irreversibly destroy material evidence" and "subdivide, alter, and pave [the Spaulding Estate], constituting the spoilation of the exact physical crime scene proving their bypass of statutory Eminent Domain procedures," *id.* at 3. Plaintiff urges it is "critically necessary," *id.* at 2, to grant "[a]n immediate freeze . . . to lock down municipal assets before the financial paper trail is further spoliated," *id.* at 4. Plaintiff asserts notice to Defendants is not required because Defendants "have demonstrated a documented history of spoilation of evidence, actively ignoring a federally mandated Litigation Hold delivered on March 26, 2026." *Id.* at 5.

Under Rule 65(b) of the Federal Rules of Civil Procedure, a Court may issue a TRO only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Federal courts must limit ex parte temporary restraining orders "to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Courts must ensure strict compliance with Rule 65(b)(1) before enjoining a party without notice. *See Garcia v. Cellco P'ship*, No. 26-cv-00149, 2026 WL 842269, at *2 (D. Me. Mar. 24, 2026).

The Court here finds Plaintiff failed to comply with Rule 65(b)'s requirements. Other than claiming a "documented history of spoilation," ECF No. 3 at 5, the Court cannot locate in Plaintiff's filings evidence that irreparable injury, loss, or damage will result to himself nor that it will result immediately. For example, Plaintiff's motion indicates no timeframe during which Plaintiff believes the alleged "spoilation of the exact physical crime scene," *id.* at 3, might occur, *see id.* at 1–6.

Nor does Plaintiff demonstrate the purported harm will occur before Defendants can be heard in opposition of his motion. The Court cannot ascertain why the ex parte motion should be granted given the "fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods*, 415 U.S. at 439.

With respect to the second prong of Rule 65(b) specified above, unrepresented litigants like Plaintiff are not exempt from the certification requirement. *See Pelletier v. Dep't of Corr.*, No. 22-cv-00260, 2022 WL 3700671, at *1 (D. Me. Aug. 26, 2022). Plaintiff here does not outline efforts made to give notice to Defendant, nor certifies to them in writing.

The Court notes this Order addresses only Plaintiff's failure to comply with the strict and mandatory provisions of Rule 65(b). The Court is not otherwise commenting on the merits of the complaint nor the motion for preliminary injunction. The Court will await service of the complaint and summons upon Defendants and their entries of appearance in this case before proceeding further.

Accordingly, the Court **DENIES without prejudice** Plaintiff's Ex Parte Motion for a Temporary Restraining Order and Motion for Preliminary Injunction, ECF No. 3,

but only to the extent the motion seeks an emergency temporary restraining order.

**SO ORDERED.**

Dated this 14th day of September, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**